IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANTONIO C. SANCHEZ § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | Civil Action No. 5:22-cv-00477 |
| PALO ALTO SILICA SAND, INC § | |
| § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Antonio C. Sanchez ("Plaintiff" herein) brings this lawsuit asserting a claim under the Fair Labor Standards Act ("FLSA") against Defendant Palo Alto Silica Sand, Inc. and in support thereof shows as follows:

### I.   NATURE OF SUIT

1.   The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.   Defendant violated the FLSA by failing to pay Plaintiff for all hours and overtime hours worked.  Plaintiff was not compensated at the rate of time and one-half her regular rate of pay when he worked over 40 hours per week, as required by law.

## II.   PARTIES

3. Plaintiff Antonio C. Sanchez is an individual who was formerly employed by Defendant Palo Alto within the meaning of the FLSA. He hereby consents to be a party in this action.

4. Defendant Palo Alto Silica Sand, Inc. is a Texas corporation doing business in San Antonio, Bexar County, Texas and can be served with process through its registered agent: Jeffrey N. Korus 24126 State Highway 16 South, Von Ormy, TX USA. A waiver of service will be sent to Defendant prior to requesting service.

## III.   JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Western District of Texas because the events forming the basis of the suit occurred in this District.

## IV.   COVERAGE

7. At all material times, Defendant acted directly or indirectly in the interest of an employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant Palo Alto has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant Palo Alto has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant Palo Alto has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in

**PLAINTIFF ANTONIO C. SANCHEZ' ORIGINAL FLSA COMPLAINT**
    Page - 2

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Defendant provides construction materials and operates in Atascosa County, Texas, where Plaintiff was employed.

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

V. FACTUAL ALLEGATIONS

12. Defendant provides construction materials and operates a facility in Atascosa County, Texas. It is asserted Defendant does more than $500,000.00 per year in gross revenues.

13. Plaintiff was employed by Defendant Palo Alto and was regularly scheduled to work 40 or more hours in a work week for Defendant.

14. Plaintiff Sanchez worked for Palo Alto from 2004 through May 3, 2021, as a loader. He was paid a flat $980.00 per week. He worked approximately 55 hours weekly.

15. Plaintiff asserts this is a violation of the FLSA.

16. Plaintiff Sanchez is owed the overtime rate for each week in which he worked in excess of 40 hours.

17. Based on the weekly pay $980.00, Plaintiff's hourly rate was $24.50 and the overtime rate he should have been paid for hours in excess of 40 in each week is $36.75.

18. As a result, Plaintiff is owed at least $36.75 for every hour he worked in excess of 40 for the estimated 15 hours of work for which he was not paid.

19. It is asserted Plaintiff is owed $551.25 weekly in unpaid overtime. He worked a total of 104 weeks from May 3, 2019, to May 3, 2021.

20. Therefore, it is estimated Plaintiff is owed at least $57,330.00 in unpaid wages for overtime for the time he worked for Palo Alto. Moreover, he would be owed a like amount of $57,300.00 for liquidated damages. It is contended Plaintiff is owed a total of $114,660.00.

21. Plaintiff Sanchez is further entitled to mandatory reasonable and necessary attorneys' fees and costs of court under the statute.

22. It is contended Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

### VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. During the relevant period, Defendant has violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

24. Plaintiff further seeks mandatory attorneys' fees as provided under the FLSA. *See Hilton v. Executive Self Storage Assocs., Inc.*, 2009 U.S. Dist. LEXIS 51417, *27 (W.D. Tex. June 18, 2009) ("Fee awards are mandatory for prevailing plaintiffs in FLSA cases.") (29 U.S.C. section 216 (b)).

## VII.   RELIEF SOUGHT

25.   WHEREFORE, cause having been shown, Plaintiff prays for a trial by jury and judgment against Defendant as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b.   For an Order awarding Plaintiff the costs of this action;

c.   For an Order awarding Plaintiff attorneys' fee as provided under 29 U.S.C. section 216 (b); and

d.   For and Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

**Respectfully Submitted,**

 /s/ *Adam Poncio*
**ADAM PONCIO**
**State Bar No. 16109800**
**aponcio@ponciolaw.com**
**ALAN BRAUN**
**State Bar No. 2405488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**ATTORNEYS FOR PLAINTIFF**